of defective condition. Evidence held sufficient to sustain the finding either that plaintiff constructed the scaffold by the breaking of which he was injured, or had full knowledge of its construction and condition before he went upon it, in an action to recover damages for such injuries sustained while plaintiff was working as a carpenter in building a porch for defendants.

2. INSTRUCTIONS, § 159*—consideration as series. The instructions taken as a series held to have fairly instructed the jury.

---

## George B. Jones, Appellee, v. William F. Gaumer, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Edgar county; the Hon. WALTER BREWER, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 16, 1917.

### Statement of the Case.

Action by George B. Jones, plaintiff, against William F. Gaumer, defendant, to recover damages for breach of a contract for the exchange of real estate. From a judgment for plaintiff for $2,250, defendant appeals.

W. H. CLINTON, for appellant.

A. B. DENNIS and HARVEY GROSS, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

### Abstract of the Decision.

VENDOR AND PURCHASER, § 352*—when evidence sufficient to show contract for deed to land to be subject to only one mortgage of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*specified amount.* Evidence *held* sufficient to sustain the finding that defendant had contracted with plaintiff to deed to him a certain eighty acres of land subject to a single mortgage of $2,000, in an action to recover damages for breach of such contract by defendant deeding said eighty acres subject to two mortgages, each for $2,000.

## S. D. Dole, Appellant, v. J. D. Hardinger and Anabel Alexander, Appellees.

1. STATUTES, § 196*—*what considered in ascertaining intention of Legislature.* In attempting to ascertain the intention of the Legislature for the purpose of construing the meaning of a statute, a court will have regard to existing circumstances or contemporaneous conditions prevailing at the time of its enactment, the law existing prior to its passage, and the mischief sought to be remedied.

2. ANIMALS, § 12*—*what is liability at common law for injuries by dogs jointly.* At common law separate owners of several dogs will not jointly be liable for damages done jointly by the said several dogs.

3. ANIMALS, § 12*—*what is liability under statute of owners of dogs jointly doing damage.* Under the Act approved February 11, 1853, "providing for the payment of damages done by dogs" (J. & A. ¶¶ 406, 407), the owner of each of several dogs jointly doing damage is liable for the whole amount of the damage.

Appeal from the Circuit Court of Moultrie county; the Hon. GEORGE A. SENTEL, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded with directions. Opinion filed April 16, 1917.

VAUSE, HUGHES & KIGER, for appellant.

C. R. PATTERSON and E. J. MILLER, for appellee J. D. Hardinger.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.